UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE LEO M. GORDON, JUDGE

------------------------------------------------------------------x
MARUBENI-ITOCHU STEEL AMERICA,                   :
                                                 :
                Plaintiff,                    :
                                                 :
          v.                                     :
                                                 :   Court No. 23-00004
THE UNITED STATES; U.S. CUSTOMS & BORDER         :
PROTECTION; and ACTING COMMISSIONER              :
OF U.S. CUSTOMS AND BORDER PROTECTION            :
                                                 :
                Defendant.                    :
------------------------------------------------------------------x

## STIPULATED JUDGMENT

For the purpose of resolving the above-captioned action, without any further judicial proceedings and without trial or adjudication of any issue of law or fact, and without constituting an admission of liability on the part of any party, and for no other purpose, the parties stipulate and agree as follows:

      1.      Plaintiff, Marubeni-Itochu Steel America ("Marubeni") and Defendant, the United States, have agreed that, without reliquidating the entries included in the above-captioned action, U.S. Customs and Border Protection will make payment to Marubeni of $494,902.80 (hereafter, "the Payment"), without interest.

      2.      In acceptance of the Payment, Marubeni agrees to abandon all claims arising out of or related to the entries in the above-captioned action.

      3.      Upon execution of this stipulation, Marubeni releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the entries at issue in the above-captioned action, regardless of whether they were included in the summons or complaint filed in the above-captioned action,

including but not limited to any claims for costs, expenses, attorney's fees, and damages of any sort.

4. Marubeni warrants and represents that no other action or suit with respect to the claims advanced in the above-captioned action is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Marubeni further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in the above-captioned action. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation shall be refunded promptly by Marubeni, together with interest thereon at the rates provided in 41 U.S.C. § 7109, computed from the date the United States made such payment.

5. Each party will bear its own costs, attorney's fees, and expenses.

6. Upon execution of this stipulation, the parties agree to the entry of the attached judgment by the Court, which directs U.S. Customs and Border Protection to make the payment identified in paragraph 1 and dismisses this action with prejudice.

7. This stipulation is in no way related to or concerned with income or other taxes for which Marubeni is now liable or may become liable in the future as a result of this stipulation.

8. The purpose of this stipulation is for resolving the above-captioned action, and for no other purpose. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceeding, whether judicial or administrative in nature, in which the parties, or counsel for the parties, have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

9. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Marubeni.

10. This document constitutes a complete integration of the agreement between Marubeni and The United States concerning their obligations with respect to the claims asserted in the above-captioned action and constitutes a full and final resolution of those claims. This document supersedes any and all prior oral or written representations, understandings or agreements among or between Marubeni and the United States.

WHEREFORE, plaintiff, Marubeni and defendant, the United States, respectfully request that the Court enter the accompanying proposed judgment in accordance with the preceding stipulation.

By: /s/ Wm. Randolph Rucker
Wm. Randolph Rucker
Faegre Drinker Biddle & Reath LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
Phone: (312) 569-1157

*Attorney for Plaintiff*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

8/31/2023
GUY EDDON
Trial Attorney
International Trade Field Office
Civil Division Dept. of Justice
26 Federal Plaza, Room 346
New York, NY 20278
Tel: 212-264-9230

*Attorneys for Defendant*

Date: September 11, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE LEO M. GORDON, JUDGE
------------------------------------------------------------------------x
MARUBENI-ITOCHU STEEL AMERICA,                :
                                                                              :
                                Plaintiff,         :
                                                                              :
                  v.                                  :
                                                                              :   Court No. 23-00004
THE UNITED STATES; U.S. CUSTOMS & BORDER   :
PROTECTION; and ACTING COMMISSIONER            :
OF U.S. CUSTOMS AND BORDER PROTECTION       :
                                                                              :
                              Defendant.       :
------------------------------------------------------------------------x

## JUDGMENT

      Pursuant to U.S. Court of International Trade Rule 54, and upon consideration of the stipulation by plaintiff and defendant, and no party having filed an objection, now, in accordance with said stipulation, it is,

      ORDERED that this action is decided, and this final judgment is to be entered by the Clerk of the Court; the appropriate U.S. Customs and Border Protection officials shall make refund in accordance with the stipulation of the parties set forth above; and it is further

      ORDERED that this action is dismissed with prejudice and each party shall bear its own attorney fees, costs, and expenses.

Date: _____, 2023                       _____
     New York, New York                                        Judge Leo M. Gordon